CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 22, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SARAH C. A. o/b/o<br>ROBERT S. P. (deceased),[1]<br>Plaintiff, | ) | |
| v. | ) | Civil Action No. 7:25-cv-00611 |
| COMMISSIONER OF<br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | By: Elizabeth K. Dillon<br>Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah C. A. (Sarah) brought this action on behalf of her brother, Robert S. P. (Robert), deceased, for review of the final decision made by defendant, the Commissioner of Social Security (Commissioner), denying Robert's application for Social Security Disability Insurance Benefits (DIB). (Compl., Dkt. No. 1.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge C. Kailani Memmer for a report and recommendation (R&R). On August 5, 2026, the magistrate judge issued her R&R, finding that the Commissioner's final decision was not supported by substantial evidence and recommending reversal and remand for further proceedings. (R&R, Dkt. No. 18.) Sarah filed an objection to the R&R on August 19, 2026, arguing that the court should vacate the Commissioner's final decision and remand the matter with a directed finding of disability for a calculation of benefits owed. (Obj. to R&R, Dkt. No. 19) The Commissioner filed a response thereafter. (Resp. to Pl.'s Obj. to R&R, Dkt. No. 20)

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

After a de novo review of the pertinent portions of the record, the R&R, and the filings of the parties, in conjunction with applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will overrule Sarah's objection, adopt Judge Memmer's R&R in full, reverse the Commissioner's final decision, and remand for further proceedings.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–4.) Briefly, Robert filed for DIB on January 21, 2014, alleging that his disability began on December 15, 2011, due to depression, posttraumatic stress disorder, back pain, and type two diabetes mellitus. (R. 105–06.)[2] After his claim was initially denied on August 19, 2014, and again upon reconsideration on November 26, 2014, Robert requested a hearing before an Administrative Law Judge (ALJ). (R. 191, 203; *see also* ALJ Decision 25,[3] Dkt. No. 8-2.) After a hearing was held, the ALJ issued a decision denying Robert's claim on August 30, 2017. (R. 131–42.) After review by the Appeals Council, the matter was remanded on December 9, 2019. (R. 147–48.)

Two months later, Robert passed away. (R. 1599.) On April 27, 2020, Sarah was substituted as the plaintiff. (R. 263.) The Appeals Council granted review and remanded the matter on February 1, 2021. (R. 155–56.) A second administrative hearing was held before a different ALJ on April 5, 2022. (R. 70–104.) On April 20, 2022, the ALJ issued an unfavorable decision denying Robert's claim. (R. 162–75.) The Appeals Council again granted review and remanded the matter on September 27, 2023, for the ALJ to further evaluate opinions from the state agency medical and psychological consultants under 20 C.F.R. § 404.1527. (R. 183–84.)

---

[2] The record is comprised of nine parts located at Docket Numbers 8-1 through 8-9.

[3] The court cites the ALJ Decision using the page numbers assigned by CM/ECF.

Thereafter, a third administrative hearing before yet another ALJ was held on June 26, 2024. (ALJ Decision 25.) On July 5, 2025, the ALJ issued an order denying benefits. (*Id.* at 25–39.) The ALJ determined that Robert suffered from the following severe impairments: depression; anxiety; posttraumatic stress disorder; a personality disorder; substance abuse disorder; obesity; diabetes mellitus; and tinnitus. (*Id.* at 28.) The ALJ concluded that these impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Next, the ALJ concluded that Robert retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the following restrictions:

> The claimant had to avoid all unprotected heights and more than occasional exposure to other hazards. He could tolerate moderate noise exposure. Instructions and tasks were limited to those that could be learned in 30 days or less, and with no more than occasional changes in the work setting. The claimant could perform no production rate or pace work, defined as having to keep up with an assembly line, or in a job with strict hourly quotas. He could have no more than occasional interaction with the public or coworkers.

(*Id.* at 31.) The ALJ found that Robert was unable to perform his past relevant work as kitchen helper but could perform other work that exists in the national economy such as dining room attendant, industrial cleaner, and store laborer. (*Id.* at 37–38.) Accordingly, the ALJ determined that Robert was not disabled. (*Id.* at 38.) Sarah's appeal to the Appeals Council was denied on July 8, 2025. (R.1.)

On August 29, 2025, Sarah filed suit in this court to challenge the Commissioner's final decision. (*See* Compl.) By standing order and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to Judge Memmer. After full briefing by both parties (*see* Dkt. Nos. 14, 16, 17), Judge Memmer issued her R&R, recommending that the court reverse the Commissioner's final decision denying Robert's application for DIB and remand for further administrative

proceedings. (*See* R&R.) Sarah filed a timely objection to the R&R (Obj. to R&R), and the Commissioner filed a response thereafter (Resp. to Pl.'s Obj. to R&R). The matter is now ripe for review.

## II. LEGAL STANDARD

The court reviews the record in a Social Security case for two things. First, the court must determine whether "the ALJ applied correct legal standards." *Drumgold v. Comm'r of Soc. Sec. Admin.*, 144 F.4th 596, 604 (4th Cir. 2025) (citation omitted). Second, the court must assess whether the ALJ's "factual findings are supported by substantial evidence." *Id.* (citation omitted). Substantial evidence is not a high bar. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Rather, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation omitted). Only "more than a mere scintilla" of evidence to support the ALJ's factual findings is required. *Id.* "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). "Rather, '[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled,' [the court] defer[s] to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Nevertheless, where an ALJ's analysis is so deficient that it "frustrate[s] meaningful review," remand is appropriate. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Indeed, "ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). If it

does so, and the decision is supported by substantial evidence and reached by applying the correct legal standards, an ALJ's decision must be upheld. *See id.* at 94; 42 U.S.C. § 405(g).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report to which a timely and sufficiently specific objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Where the objecting party "objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Id.* (citation omitted).

## III. DISCUSSION

Sarah raises a single narrow objection to the R&R: the magistrate judge's "finding that further proceedings are required in accordance with *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013)." (Obj. to R&R 1.) According to Sarah, this case presents the rare circumstance where reversal with an order directing the Commissioner to award benefits is warranted. (*Id.* at 1–3.)

Generally, where the "court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford*, 734 F.3d at 295 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). This is because it is not "the province of the district court" to "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]," nor is it the court's province "to engage in these exercises in the first instance." *Id.* at 296 (citation omitted). The rare exception to this general rule is cases in which the record

clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). "In such circumstances, courts may reverse the Commissioner's final decision without remanding the case for a rehearing and order an award of benefits." *Yvonne W. v. Dudek*, No. 3:24-cv-55, 2025 WL 1040032, at *2 (W.D. Va. Apr. 8, 2025) (citing *Arakas*, 983 F.3d at 111).

In his discussion regarding Robert's RFC, the ALJ gave significant weight to the opinions of Howard S. Leizer, Ph.D. (Dr. H. Leizer) and Joseph Leizer, Ph.D. (Dr. J. Leizer), both state psychological consultants. In so doing, the ALJ reasoned:

> The undersigned gives significant weight to the state psychological consultants. The undersigned recognizes that since the determinations were made the Agency adopted a new "B" criteria. However, the opinions are consistent with and supported by the evidence. Additionally, the consultants have special knowledge of the disability program. Overall, the claimant was limited to instructions and tasks were limited to those that could be learned in 30 days or less, with no more than occasional changes in the work setting, no production rate or pace work, and no more than occasional interaction with the public or coworkers.

(ALJ Decision 35.)

As Judge Memmer aptly discussed, the ALJ's discussion was lacking in two respects. First, the ALJ failed to discuss each of the requisite factors, instead only considering the consistency and supportability of Dr. H. Leizer's and Dr. J. Leizer's opinions.[4] What is more, the ALJ's conclusory statement that "the opinions are consistent with and supported by the evidence" falls short of creating a logical bridge between the evidence and the ALJ's conclusions regarding the weight given to each medical opinion. In short, the ALJ's terse and conclusory discussion of

[4] Because Robert's claim was filed before March 27, 2017, 20 C.F.R. § 404.1527 applies. Pursuant to that section, when deciding the weight to give to any medical opinion, the ALJ must consider and discuss: (1) the examining relationship; (2) the treatment relationship; (3) supportability; (4) consistency; (5) the physician's specialization; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c).

Dr. H. Leizer's and Dr. J. Leizer's opinions "frustrate[s] meaningful review." *Mascio*, 780 3d at 636. Second, the ALJ failed to reconcile record evidence that is arguably inconsistent with the opinions of Dr. H. Leizer and Dr. J. Leizer, such as evidence that Robert did not always keep meetings and appointments. (*See* R. 1428, 1430, 1446–47.) Because the ALJ did not address this perceived inconsistency, it is impossible for the court to assess how—if at all—the inconsistency affected the ALJ's decision to give significant weight to Dr. H. Leizer's and Dr. J. Leizer's opinions.

Sarah contends that reversing with directions to award DIB is proper because the ALJ's decision was not supported by substantial evidence and "reopening the record for more evidence would serve no purpose." (Obj. to R&R 2 (citing *Breeden*, 493 F.2d at 1012).) Specifically, Sarah contends that evidence of Robert's attendance issues, which were not addressed by the ALJ in determining what weight to give the opinions of Dr. H. Leizer and Dr. J. Leizer, undisputably establishes that Robert was disabled during the relevant period. (*Id.* at 2–3.)

Sarah's argument is largely based on Social Security Ruling (SSR) 85-18, 1985 WL 56857 (Jan. 1, 1985). Relevant here, that ruling explains that "[t]he decisionmaker must not assume that failure to meet or equal a listed mental impairment equates with capacity to do at least unskilled work. [Such a] decision requires careful consideration of the assessment of RFC." SSR 85-15, 1985 WL 56857, at *4. Further, the ruling clarifies that the determination of whether a "person can be expected to perform unskilled work" requires an assessment of whether he or she can meet "[t]he basic mental demands of competitive, remunerative, unskilled work . . . on a substantial basis[:] to understand, carry out, and remember simple instructions; *to respond appropriately to supervision, coworkers, and usual work situations*; and to deal with changes in a routine work setting." *Id.* (emphasis added). The ruling goes on to explain that "[a] substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational

base," which in turn, "would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base." *Id.*

Contrary to Sarah's assertion, SSR 85-18 does not *compel* a finding of disability in the case at bar. Critically, Sarah cites no authority illustrating that evidence of Robert's absences would constitute a "substantial loss" of his ability to respond appropriately to supervisors, coworkers, and usual work situations on a sustained basis. Moreover, such evidence merely contradicts the opinions of Dr. H. Leizer and Dr. J. Leizer. In such circumstances, the court cannot say that the record clearly establishes disability.

Sarah next urges the court to follow the path of *Breeden*, not *Radford*. In *Breeden*, the court determined that substantial evidence did not support the denial of benefits and reversed the decision of the Commissioner, directing the award of benefits without remanding for further proceedings. 493 F.2d at 1011–12. Notably, the issue before the *Breeden* court was whether there was substantial evidence to support the ALJ's denial of coverage. *Id.* at 1012. There, multiple witnesses testified as to issues directly related to the claimant's coverage. *Id.* at 1007–12. The ALJ discredited the testimony of many of the witnesses called by the claimant which, as a whole, was well-corroborated by other testimonial evidence, for reasons which the Fourth Circuit characterized as arbitrary. *Id.*

The present case is distinguishable. Indeed, the decision at issue is not one of coverage. Rather, Sarah's challenge is to the ALJ's determination that Robert was not disabled. Crucially, although the record evidence clearly established that the claimant in *Breeden* was covered, the evidence here does not clearly establish that Robert was disabled. It is for the ALJ, not the court, to weigh conflicting evidence in the first instance. *Radford*, 734 F.3d at 296. Accordingly, this case does not present the rare circumstance where reversal with direction to award benefits is warranted.

The court understands Sarah's frustrations. The path of administrative review in this case has been long and winding. The court, however, cannot order the Commissioner to award benefits for equitable reasons alone. *Yvonne W.*, 2025 WL 1040032, at *1 (citing *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540, at *5 (4th Cir. Feb. 1, 2022)). The record currently before the court does not clearly establish that Robert was disabled and entitled to benefits. Reopening the record on remand is proper to permit the ALJ to reweigh conflicting evidence and correct any errors in his assessment of the opinions of Drs. H. Leizer and J. Leizer.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court finds that remand to the Commissioner for further proceedings is appropriate. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 18) is ADOPTED in full;

2. Plaintiff's objection (Dkt. No. 19) is OVERRULED; and

3. The Commissioner's decision is REVERSED, and the case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

An appropriate judgment order will be entered.

Entered: September 22, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge